J.A21011/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN JACKSON, | : | |
| | : | |
| Appellant | : | No. 87 EDA 2014 |

Appeal from the Judgment of Sentence December 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0008089-2010

BEFORE: ALLEN, MUNDY, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED JULY 24, 2015**

Appellant, Kevin Jackson, appeals from the judgment of sentence entered on December 6, 2013 in the Philadelphia County Court of Common Pleas. Appellant contends his violation of probation sentence was illegal and the court lacked jurisdiction to correct the illegal sentence. We vacate and remand for resentencing.

We adopt the procedural history set forth in the trial court opinion. **See** Trial Ct. Op., 1/28/15, at 1-2. Appellant raises the following issue for our review: "Did not the trial court err by attempting to correct an illegal sentence more than 30 days after the imposition of sentence and after an

---

[*] Former Justice specially assigned to the Superior Court.

appeal was filed in violation of 42 Pa.C.S.[ ] § 5505[1] and Pa.R.A.P. 1701(b)(3),[2] as it lacked jurisdiction to do so? Appellant's Brief at 2.

Instantly, the notice of appeal was filed on January 6, 2014. On January 17th, the court granted Appellant's motion to modify sentence. The

---

[1] Section 5505 provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. § 5505.

[2] Rule 1701(b)(3) provides:

> (3) Grant reconsideration of the order which is the subject of the appeal or petition, if:
>
> > (i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and
> >
> > (ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.
>
> A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order. . . .

Pa.R.A.P. 1703(b)(3).

court corrected the sentence from three years to two years of reporting probation. Order, 1/17/14. The trial court amended the sentence on May 28, 2014, "to run consecutive to MC-51-CR-0034788-2013." Amended Sentence, 5/28/14.

Pursuant to Rule 1701(a), "after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter." Pa.R.A.P. 1701(a); **see also** 42 Pa.C.S. § 5505; **Commonwealth v. Martz**, 926 A.2d 514, 525 (Pa. Super. 2007) (holding trial court without jurisdiction to amend sentence after notice of appeal filed, unless mistake is patent or obvious, *e.g.*, correction of credit for time served). Instantly, we find the trial court lacked jurisdiction to modify the December 6th sentence. **See** 42 Pa.C.S. § 5505; Pa.R.A.P. 1701(a); **Martz**, 926 A.2d at 525.

Accordingly, we remand for resentencing.[3]

Sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2015

---

[3] We note that the Commonwealth does not oppose resentencing. Commonwealth's Brief at 5.



FILED

JAN 2 8 2015

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0008089-2010
:
v. : ~~304 EDA 2014~~ 87 EDA 2014
:
KEVIN JACKSON :

## OPINION

COVINGTON, J.



CP-51-CR-0008089-2010 Comm. v. Jackson, Kevin
Opinion

7250464081

### PROCEDURAL HISTORY

On April 20, 2011, following a waiver trial, the defendant was found guilty of Criminal

Trespass (18 §3503 §§A), Possession of an Instrument of Crime (18 §907 §§A), Criminal

Mischief- Tampering with Property (18 §3304 §§A2), Simple Assault (18 §2701 §§A), and

Recklessly Endangering Another Person (18 §3925 §§A). A Pre-sentence Report was ordered by

the Court and prepared on April 20, 2011. On June 28, 2011, following a sentencing hearing

defendant was sentenced to fifteen (15) months to thirty (30) months incarceration followed by

three (3) years reporting probation. Additionally, the Court required the defendant to attend

anger management, participate in anger management counseling, and stay away from the victim.

On October 28, 2013, defendant appeared for a violation of probation hearing. The Court

revoked defendant's probation and terminated parole. Defendant was resentenced to fifteen (15)

months to thirty (30) months incarceration followed by three (3) years reporting probation,

backtime to be served. On November 7, 2013, defense counsel filed a Petition to Vacate and

Reconsider Illegal Sentence. Defense counsel's motion asserted the back time would amount to

1

an aggregate state sentence incompatible with his county probation. On December 6, 2013, the court heard argument for defense counsel's motion and the defendant was resentenced to fifteen (15) months to thirty (30) months incarceration followed by three (3) years reporting probation, removing the condition of backtime. On December 9, 2013, defense counsel filed a Motion to Correct Sentence. Based on the time Defendant had already spent incarcerated on the instant case, the court's sentence imposed on December 6, 2013, was one year longer than the statutory maximum for a third-degree felony. A motion hearing was held on January 17, 2014, and Defendant's motion was granted. The Court modified Defendant's sentence to fifteen (15) months to thirty (30) months incarceration followed by two (2) years reporting probation.

On January 6, 2014, the defendant filed a timely notice of appeal of his resentence.

## FACTUAL HISTORY

Following Defendant's sentencing on June 28, 2011, Defendant was incarcerated until March 2, 2013. See Gagnon II Hearing, 10/25/2013. Probation Officer Renee Waters discussed Defendant's probation with Defendant's counselor prior to his release, informing the counselor that Defendant would have to report for probation until March 2, 2016. *Id.* Officer Waters sent two contact letters, but Defendant failed to report for probation on March 11, 2013, March 21, 2013, March 22, 2013, and April 1, 2013. *Id.* On March 12, 2013, Defendant left a voice message for Officer Waters saying he would report to probation on April 15, 2013. *Id.* Defendant failed to ever report to probation, and wanted cards were issued on April 30, 2013. *Id.* On September 6, 2013, Defendant was arrested for Intentional Possession of a Controlled Substance. N.T. 10/29/2013, p. 9. Defendant plead guilty for the Possession charge before the court at the Violation of Probation hearing on October 29, 2013. *Id.* Defendant waived his right

2

to a Presentence Investigative Report. *Id.* at 10. The Court issued its sentence based on defendant's technical violations of non-reporting and defendant's direct violation of the guilty plea to possession.

## STANDARD OF REVIEW

"When reviewing sentencing matters, [an appellate court] must accord the sentencing court great weight as it is in the best position to view defendant's character, displays or remorse, defiance or indifferences, and the overall nature of the crime." *Commonwealth v. Cappellini*, 690 A.2d 1220, 1225 (Pa. Super. 1997) (quoting *Commonwealth v. Viera*, 659 A.2d 1024, 1030 (Pa.Super. 1995). The sentencing function is vested in the sound discretion of the trial court, whose judgment will not be disturbed by an appellate court in the absence of an abuse of discretion. *Commonwealth v. Walls*, 926 A.2d 957, 962 (Pa. 2007).

## DISCUSSION

Pursuant to the 1925(b) Statement of Errors Complained of on Appeal, the defendant asserts that despite correcting the illegal sentence, the court errs in imposing an illegal sentence.

### I. *The Court's Sentence Was Legal and Justified*

Defendant was convicted of Criminal Trespass graded as a third degree felony. The statutory maximum supervision for a third degree felony is seven (7) years or eighty-four (84) months. At the time of resentencing Defendant had served thirty (30) months of incarceration on the instant case, thus the Court could not impose a sentence of supervision above fifty-four (54) months. The Court's sentence of fifteen (15) months to thirty (30) months incarceration followed by two (2) years reporting probation aggregates to fifty-four (54) months. As the

3

Court's sentence is within the statutory maximum, was imposed after a direct violation of probation, and the court considered the totality of the circumstances at the sentencing hearing, the sentence is legal.

## CONCLUSION

For the foregoing reasons, it is respectfully requested the Trial Court's sentence be affirmed.

BY THE COURT:

Roxanne E. Covington, J.
January 28, 2015

4